UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ARZATE,<br><br>                           Plaintiff,<br><br>    v.<br><br>CITY OF ESCONDIDO, *et al.*,<br><br>                           Defendants. | Case No. 14-cv-139-BAS(KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**[ECF Nos. 7, 8]** |

On January 20, 2014, Plaintiff Eduardo Arzate commenced this civil-rights action for the alleged use of excessive force against Defendants City of Escondido ("City"), Officer Kevin J. Stowe, Officer Juan Alva, and Officer Todd Gimenez. The City, Officer Alva, and Officer Gimenez now move to dismiss only the state-law claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Officer Stowe also separately moves to dismiss the state-law claims. Mr. Arzate opposes both motions.

The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' motions to dismiss.

## I.  BACKGROUND

On October 27, 2012, at approximately 1:30 a.m., Mr. Arzate was a passenger in a black GMC pickup truck driven by another individual in the City of Escondido. (Compl. ¶ 11.) At approximately the same time, Officer Alva was dispatched to a local business called the Sunset Lounge to "investigate a reported disturbance by two men in a pickup truck." (*Id.* ¶ 12.)

Mr. Arzate alleges that Officer Alva "saw the pickup truck leaving the Sunset Lounge and conducted a traffic stop by activating his overhead emergency lights[,]" stopping the pickup truck one-and-a-half blocks north of the Sunset Lounge. (Compl. ¶ 13.) Officer Alva "took up a position behind the pickup truck, drew his firearm and pointed the weapon at the occupants of the pickup truck as he waited for other support officers to arrive." (*Id.* ¶ 14.) Shortly thereafter, Officers Gimenez and Stowe arrived along with "other officers" from the Escondido Police Department. (*Id.* ¶ 15.) Officer Stowe retrieved "a 40 millimeter caliber launcher and several 40 millimeter caliber eXact iMpact foam baton rounds" from his patrol car, and both officers took positions similar to Officer Alva's behind the pickup truck with their weapons drawn. (*Id.* ¶¶ 16–17.)

Once in position, Officer Alva and "at least one other officer" instructed the pickup-truck driver over the public-address system to exit the vehicle. (Compl. ¶ 18.) The driver did not comply. (*Id.* ¶ 19.)

Then Officer Alva instructed the passenger, Mr. Arzate, over the public-address system to exit the vehicle. (Compl. ¶¶ 20–25.) After following the initial instructions given, Mr. Arzate "was standing next to the pickup truck facing away from the officers with both hands in the air." (*Id.* ¶ 26.) He was wearing "a loose fitting t-shirt that covered the waistband of his short pants" at the time. (*Id.*) Officer Alva or another officer instructed Mr. Arzate to "Take your right hand and pick up the back of your shirt . . . from the neck." (*Id.* ¶ 28.) As Mr. Arzate began to "reach down behind him toward the back of his shirt," several officers allegedly shouted, "from the neck" or "by

the neck." (*Id.* ¶ 28.) According to Mr. Arzate, the public-address system was distorted by static or feedback, and there was a police canine present that was "continually barking." (*Id.* ¶¶ 27–28.)

One officer who was closest to Mr. Arzate allegedly shouted, "pick up your shirt with your right hand[.]" (Compl. ¶ 29.) Mr. Arzate alleges that he "immediately complied by picking up the bottom of his t-shirt with his right hand to show the officers there was no weapon in his waistband and that he was unarmed." (*Id.*) However, when he "lifted up the right side of his t-shirt, exposing his waistband," Officer Stowe "fired the 40 millimeter caliber launcher at [Mr. Arzate's] back." (*Id.* ¶ 30.) Mr. Arzate then "fell to ground and began to roll around on the ground, writhing and crying out in pain." (*Id.*)

As Mr. Arzate was rolling on the ground, "writhing in pain and cursing at the officers for having shot him," Officer Alva instructed Mr. Arzate to "put your hands over your head." (Compl. ¶ 32.) Another officer also allegedly yelled out, "put your hands on your head." (*Id.*) Because of the pain allegedly caused by the first "foam baton round" that had struck him, Mr. Arzate alleges that he was "only able to place one hand on the back of his neck." (*Id.* ¶ 33.) He further alleges that he was "unable to immediately comply with the inconsistent and contradictory commands coming simultaneously from different officers." (*Id.*)

Officer Stowe then fired a second "foam baton round" that struck Mr. Arzate in the arm. (Compl. ¶ 24.)

Eventually, Mr. Arzate placed both hands on the back of his neck, and Officer Gimenez arrested him. (Compl. ¶ 35.)

//
//
//
//
//

Following the incident, Mr. Arzate was treated by paramedics and then transported to Palomar Medical Center for further treatment. (Compl. ¶ 36.) Mr. Arzate alleges that he sustained injuries "requir[ing] six surgical staples to close a severe laceration to his left forearm," and "suffered contusions and severe pain and suffering." (*Id.*) He was then transported to the Vista Detention Center where he was booked. (*Id.* ¶ 37.)

On January 20, 2014, Mr. Arzate commenced this civil-rights action against Defendants. He asserts claims divided into three categories: (1) "Federal Constitutional Claims" against Officers Stowe, Alva, and Gimenez; (2) "Federal Constitutional Claims" against the City; and (3) "State Law Claims" against Officers Stowe, Alva, and Gimenez. According to the complaint, the state-law claims "constitute the torts of assault, battery, false arrest, false imprisonment, and malicious prosecution under the laws of the State of California." (Compl. ¶ 51.) The City, Officer Alva, and Officer Gimenez now move to dismiss only Mr. Arzate's state-law claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Officer Stowe also separately moves to dismiss only the state-law claims. Mr. Arzate opposes both motions.

**II.   LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

//
//
//
//

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**III.   DISCUSSION[1]**

Defendants argue that Mr. Arzate's state-law claims are barred by his failure to comply with the California Government Claims Act. (Defs.' Mot. 3:25–6:21; Stowe's Mot. 4:27–7:13.) In response, Mr. Arzate suggests that Defendants misunderstood the state-law claims because he asserts them "under 42 U.S.C. § 1983 as supplemental state claims." (Pl.'s Opp'n (Defs.) 6:15–7:6; Pl.'s Opp'n (Stowe) 6:22–7:12.) For the following reasons, the Court agrees with Defendants.

"Suits for money or damages filed against a public entity are regulated by . . . the Government Claims Act." *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 989 (2012). "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . , or has been deemed to have been rejected[.]" Cal. Gov't Code § 945.4. The Act also requires that "[w]hen defendants are public employees, the plaintiff must first submit a written claim to the public entity that employs them before filing a lawsuit seeking monetary damages for violations of California law." *Dennis v. Thurman*, 959 F. Supp. 1253, 1264 (C.D. Cal. 1997) (citing Cal. Gov't Code §§ 945.4, 950.2).

"Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within a year." *DiCampli-*

---

[1] Officer Stowe requests judicial notice of: (1) Mr. Arzate's Claim for Injuries and Damages; (2) Notice of Action or Rejection of Claim; and (3) Mr. Arzate's complaint. The Court **GRANTS** the unopposed request under Federal Rule of Evidence 201. *See* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

*Mintz*, 55 Cal. 4th at 990 (citing Cal. Gov't Code § 911.2). Thereafter, the public entity has 45 days to accept or reject the claim. Cal. Gov't Code § 912.4. If the public entity denies the claim by written notice, the claimant must commence suit against the public entity no later than six months after the date of the notice of rejection. *Id.* § 945.6(a)(1). It is also the claimant's burden to "ensur[e] that the claim is presented to the appropriate entity." *DiCampli-Mintz*, 55 Cal. 4th at 991 (citing *Life v. Cnty. of Los Angeles*, 227 Cal. App. 3d 894, 901 (1991)).

"[U]nder these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *State of Cal. v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004). Furthermore, "[a]n individual's failure to meet these requirements bars him from bringing a civil action for the same claim in state or federal court." *Flock v. Cnty. of Alameda*, No. 12-cv-01003, at *3 (N.D. Cal. Sept. 13, 2012) (citing *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (holding that state law tort claims against public entities and public employees are barred unless the plaintiff pleads facts showing that he filed written claims with the public entity in accordance with the California Government Claims Act)).

According to Defendants, Mr. Arzate was required to commence his lawsuit no later than six months after the date of the notice of rejection. *See* Cal. Gov't Code § 945.6. Defendants provide a copy of the notice of rejection, which is dated June 14, 2013, in their motions. (Defs.' Mot. Ex. B; Stowe's Mot. Ex. B.) Based on the date of rejection, Mr. Arzate must have filed his complaint for the state-law claims no later than December 14, 2013 under the Government Claims Act. However, he did not file his complaint until January 20, 2014. Consequently, Mr. Arzate failed to comply with the Government Claims Act.

Mr. Arzate does not dispute that he failed to comply with the Government Claims Act's requirements. Rather, he takes the position that the Government Claims Act does not even apply. However, Mr. Arzate is mistaken. He must comply with the

California Government Claims Act in order to bring a state tort action against a public entity and its employees. *See* Cal. Gov't Code §§ 945.4, 950.2; *see also Karim-Panahi*, 839 F.2d at 627 (The plaintiff's "pendant state law tort claims against both the individual and public entity defendants are barred unless he presented them to the City and LAPD before commencing suit."). Mr. Arzate fails to cite any legal authority that excuses him from the Government Claims Act's requirements, or direct this Court to any allegations in the complaint that suggest he complied with the Government Claims Act.

Contending that the state-law claims are brought under 42 U.S.C. § 1983 as supplemental claims, as Mr. Arzate does, is also inadequate and inaccurate. If a federal court exercises its discretion to accept state-law claims supplemental to a federal civil-rights claim, those state-law claims remain purely grounded in state law. *See* 28 U.S.C. § 1367(c)(3). Excluding instances where diversity jurisdiction applies, federal courts do not have original jurisdiction over the state-law claims. A state-law claim that is supplemental to a federal civil-rights claim is merely a circumstance where the federal court exercises its supplemental jurisdiction to hear the state-law claim under 28 U.S.C. § 1367(c)(3). Consequently, Mr. Arzate must comply with the Government Claims Act before bringing suit for his state-law claims. *See* Cal. Gov't Code §§ 945.4, 950.2.

Accordingly, the Court finds that Mr. Arzate's state-law claims are barred by his failure to comply with the Government Claims Act, and the Court **GRANTS** Defendants' motions to dismiss only Mr. Arzate's state-law claims. *See* Cal. Gov't Code §§ 945.4, 950.2.

### IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Defendants' motions to dismiss. The Court also **DENIES** Mr. Arzate's request for leave to amend because amendment would be futile since Mr. Arzate proceeds under the faulty premise that asserting his state-law claims under 42 U.S.C. § 1983 somehow excuses him from complying with

1 the Government Claims Act. *See Cervantes v. Countrywide Home Loans, Inc.*, 656
2 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where
3 . . . amendment would be futile."). Accordingly, the Court **DISMISSES WITH**
4 **PREJUDICE** only Mr. Arzate's state-law claims contained in Count 3.

   **IT IS SO ORDERED.**

   **DATED: July 22, 2014**

   _(signature)_
   **Hon. Cynthia Bashant**
   **United States District Judge**